UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HARRIS HILL RESIDENTIAL LAND HOLDINGS, LTD., *Plaintiff*, | § § § § | |
| v. | § § | Case No. 1:25-cv-00784 |
| MASTEC NORTH AMERICA, INC. and CONNECT HOLDING II LLC d/b/a BRIGHTSPEED, *Defendants*. | § § § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Harris Hill Residential Land Holdings, Ltd. (Harris Hill) files this original complaint against Defendants MasTec North America, Inc. (MasTec) and Connect Holding II LLC d/b/a Brightspeed (Brightspeed) (referred to collectively as Defendants).

**PARTIES**

1.  Plaintiff Harris Hill Residential Land Holdings, Ltd., is a Texas limited partnership with a principal place of business in San Antonio, Texas. Harris Hill's general partner is Harris Hill GP, LLC, a Texas limited liability company whose manager and member is Robert W. McDonald IV, an individual that maintains his domicile and citizenship in the State of Texas. Accordingly, Harris Hill is a citizen of Texas.

2.  Defendant MasTec North America, Inc., is a corporation organized under the laws of the State of Florida. MasTec's principal place of business is located at 800 Douglas Road, Penthouse, Coral Gables, FL 33134. Accordingly, MasTec is a citizen of

1

Florida, as Florida is both the state of incorporation and location of its principal place of business. MasTec may be served with process through its registered agent Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

3. Defendant Connect Holding II LLC d/b/a Brightspeed, is a limited liability company organized under the laws of the State of Delaware and may be served with process through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136. Brightspeed's managers and members are individuals who maintain their domicile and citizenship in the State of North Carolina. Accordingly, Brightspeed is a citizen of North Carolina.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy is between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

5. Venue is proper in this district because this case concerns real property located within the Western District of Texas and, further, because a substantial part of the events or omissions giving rise to Harris Hill's claims occurred within the Western District of Texas. *See* 28 U.S.C. § 1391(b)(2).

## FACTUAL BACKGROUND

6. Harris Hill is the owner of real property in San Marcos, Texas, that is being developed into a master-planned residential community known as Whisper South. D.R.

Horton, Inc. (D.R. Horton) and Brightland Homes Ltd. (Brightland) purchased certain property within Whisper South from Harris Hill to build homes in Whisper South.

7. As with many master-planned communities, Whisper South was being developed in phases.

8. On or about October 27, 2021, Robert W. McDonald IV, on behalf of Plaintiff, executed a marketing agreement with CenturyLink Sales Solution, Inc. (CenturyLink) to provide high-speed internet and other telecommunication services to Whisper South (the Marketing Agreement).

9. On or about July 11, 2022, CenturyLink notified Harris Hill of an assignment of the Marketing Agreement to Brightspeed, which became effective in the fourth quarter of 2022, by letter. Specifically, the letter notified Harris Hill that "Your Agreement with CenturyLink (*or its affiliate*) related to marketing services, telecommunications services, and/or any associated building entry or access license rights associated with [Whisper South] will be acquired by Brightspeed."

10. As part of the installation of the high-speed internet and telecommunication services to Whisper South, Brightspeed, after the effective date of the CenturyLink assignment, hired MasTec to install the underground infrastructure for these services, which included but is not limited to, installing underground fiber-optic telecommunications conduits and cables. Brightspeed authorized or tacitly ratified the manner and means of work provided by MacTec for the benefit of Brightspeed.

3

11. As part of this work, MasTec, by and on behalf of Brightspeed, conducted excavation services, including but without limitation, using mechanized equipment to remove or otherwise disturb soil at the Whisper South development.

12. On or about November 2024, when working within Whisper South, Defendants bored through Whisper South's water line (the Underground Facility) causing flooding and extensive damage to the surrounding property of Harris Hill, including the only access road to DR Horton and Brightland Homes's properties within Whisper South.

13. Neither MasTec nor Brightspeed notified Harris Hill, or any related notification center, of its intent to excavate at or near the Underground Facility as required by Texas law. In fact, Harris Hill had not given Defendants authorization to access certain property at that time to perform excavation work within Whisper South and at or near the Underground Facility.

14. Defendants also failed to request utility locations for the Underground Facility before performing its excavation services at or near the Underground Facility.

15. Defendants failed to notify Harris Hill of its excavation work on its property, in particular, at or near the Underground Facility, and failed to take the appropriate precautionary measures to ensure that Harris Hill's property, Whisper South, and the Underground Facility was not at risk of being damaged during the excavation services.

16. Simply put, Defendants completely failed to take the necessary and proper precautions to notify Harris Hill of the excavation work and locate and avoid the Underground Facility within Harris Hill's property before and during the excavation services.

17. As a result of Defendants' acts and omissions, Harris Hill's property was damaged and construction delays were experienced at Whisper South because of the water damage and inability to utilize or access the road that leads to Whisper South. Further, Defendants' wrongful acts and omissions hindered and interfered with Harris Hill's ability to complete the road and obtain the requisite acceptance from the City of San Marcos.

18. Due to the extensive damage, the City of San Marcos required Harris Hill to hire a geotechnical engineer to run tests on the affected area to determine the extent to which repairs will be needed to the affected area.

19. As a result of the extensive damage caused by Defendants, Harris Hill was forced to repair the road, among other property damage, at its sole cost and expense, to avoid further damage and construction delays.

20. Harris Hill hired Lowden Excavating, Inc. (Lowden Excavating) to repair the affected area. Lowden Excavating hired ECS-Southwest, LLP (ECS) to perform the geotechnical tests on the affected area to determine what and to what extent repairs were needed. On or about March 3, 2025, ECS issued its findings. Based upon those findings,

among other factors, Lowden Excavating issued an estimate to Harris Hill in an amount in excess of $375,000.00 for the necessary repairs to the affected area.

21.     Harris Hill notified Defendants of the property damage and their role in causing the damage, in part, by intersecting and rupturing the water line within Harris Hill's property, and Harris Hill made demand on Defendants for payment or reimbursement of those damages. Defendants have refused to take responsibility for their wrongful acts and have provided no aid to remediate or repair the damage they caused to Harris Hill's property.

22.     Defendants were conducting excavation services negligently, knowingly, and intentionally in violation of the Texas Underground Facility Damage Prevention and Safety Act, TEX. UTIL. CODE §§ 251.001, et seq., and industry standards and practices for supervising or conducting excavation or other similar services with mechanized equipment near underground water lines, including the Underground Facility, and with complete disregard as to the location and safety of the Underground Facility and Harris Hill's surrounding property.

23.     MasTec also trespassed when it entered and excavated on Harris Hill's property at or near the Underground Facility without Harris Hill's authorization or knowledge.

6

## CAUSES OF ACTION

### COUNT 1: NEGLIEGENCE
### (AGAINST MASTEC AND BRIGHTSPEED)

24. Harris Hill adopts and incorporates by reference the factual allegations in the above paragraphs as if set-forth fully herein.

25. Harris Hill generally alleges that Defendants owed a legal duty to Harris Hill, Defendants breached that duty, and the breach proximately caused Harris Hill's damages.

26. More specifically, upon information and belief, Harris Hill alleges that Defendants acted negligently in or around November 2024, by, but not limited to, the following:

    a. Defendants failed to comply with the Texas Underground Facility Prevention and Safety Act, TEX. UTIL. CODE §§ 251.001, et seq.;

    b. Defendants failed to comply with industry standards and practices for conducting excavation or other similar services with mechanized equipment near underground water lines, including the Underground Facility;

    c. Defendants failed to notify Harris Hill, or any related notification center, of its intent to excavate within Harris Hill's property, Whisper South, or at or near the Underground Facility as required by Texas law;

    d. Defendants failed to properly request utility locations for the Underground Facility;

    e. Defendants conducted excavation activities outside the area permitted by Harris Hill;

f.  Defendants failed to take the necessary and proper precautions to locate and avoid the Underground Facility before and during the excavation services to avoid damage to Harris Hill's property, Whisper South.

g.  Defendants failed to adequately train its employees regarding supervision, excavation, and other similar services in and around underground facilities and the precautionary measures that should be taken during such services to avoid damaging the facilities or surrounding property.

h.  Defendants failed to adequately supervise its employees who were providing excavation and other similar services in and around underground facilities and the surrounding property.

i.  Defendants failed to ensure its employees who were providing supervision, excavation, and other similar services in and around underground facilities were capable of complying, and complied, with all applicable statutes, regulations, and reasonable and accepted industry standards and practices for such services.

27. Harris Hill further alleges that it belongs to a class of persons the Texas Underground Facility Damage Prevention and Safety Act was designed to protect, and the damage to the Underground Facility and Harris Hill's surrounding property is of the type the Underground Facility Damage Prevention and Safety Act was designed to prevent, the Underground Facility Damage Prevention and Safety Act is one for which tort liability may be imposed when violated, Defendants violated the Underground Facility Damage Prevention and Safety Act without excuse, and Defendants' acts and omissions proximately caused Harris Hill's damages.

28. To the extent Defendants were acting through agents, contractors, or representatives, those individuals were operating under the direction and control of

8

Defendants; therefore, Defendants are liable for their acts and omissions under agency principles, including respondeat superior.

29. As a result of Defendants' acts and omissions on or around November of 2024, Harris Hill sustained substantial damage to the Underground Facility and surrounding property, which resulted in actual damages to Harris Hill in excess of $375,000.00.

## COUNT 2: TRESPASS
## (AGAINST MASTEC ONLY)

30. Harris Hill adopts and incorporates by reference the factual allegations in the above paragraphs as if set-forth fully herein.

31. Harris Hill owned and had a lawful right to possess Whisper South, and more specifically, the surrounding property at or near the Underground Facility.

32. MasTec entered the subject property when it conducted unauthorized excavation services that intersected and ruptured the water line within Harris Hill's property. This entry was physical, intentional, voluntary, and unauthorized.

33. MasTec's trespass on the subject property caused damages to Harris Hill's right of possession. Specifically, Harris Hill suffered damages that amount to in excess of $375,000.00 for the cost to repair the affected area around the Underground Facility as a result of MasTec's trespass.

34. MasTec, by and through its authorized agents, servants, or employees, committed a trespass damaging the property rights and interest of Harris Hill and thereby MasTec is liable for all such damages resulting from the trespass.

35. Harris Hill also seeks exemplary damages due to MasTec's willful trespass.

### GROSS NEGLIGENCE

36. Harris Hill adopts and incorporates by reference the allegations in the above paragraphs as if set-forth fully herein.

37. Harris Hill generally alleges that Defendants engaged in acts or omissions which, when viewed objectively from the standpoint of Defendants at the time of the incident, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and of which Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded on with conscious indifference to the rights, safety, or welfare of others.

38. The factual allegations in the above paragraphs, whether taken singularly or in any combination constitutes gross negligence because Defendants knew about the likelihood of serious injury to Harris Hill, but their acts or omissions demonstrate indifference to the consequences of their acts. Defendants authorized or tacitly ratified the grossly negligent acts of each other.

39.     Considering the aggravating circumstances as alleged in the above paragraphs and upon further consideration of all of the surrounding facts, circumstances, and conditions, Harris Hill seeks punitive or exemplary damages against Defendants.

## **PRAYER**

Plaintiff Harris Hill Residential Land Holdings, Ltd. respectfully requests the Court cite Defendants to appear and answer, and thereafter, enter judgment against Defendants, jointly and severally, for actual damages in excess of $375,000.00, exemplary damages in an amount to be determined sufficient to punish Defendants MasTec North America, Inc., and Connect Holding II LLC d/b/a Brightspeed, for their wrongful acts and omissions, all costs incurred as a result of prosecuting this case, post-judgment interest as permitted by law, and all other and further relief, at law and in equity, general and special, to which Plaintiff Harris Hill Residential Land Holdings, Ltd., may be justly entitled.

Dated: May 23, 2025.

        Respectfully submitted,

        By:     */s/ David A. Walton*
              David A. Walton
              Texas Bar No. 24042120
              dwalton@bellnunnally.com
              Catherine B. Baldo
              Texas Bar No. 24114755
              cbaldo@bellnunnally.com
              Bell Nunnally & Martin LLP
              2323 Ross Avenue, Suite 1900
              Dallas, TX  75201
              Tel. (214) 740-1490
              Fax (214) 740-5790

        ***Attorneys for Plaintiff Harris Hill Residential Land Holdings, Ltd.***